**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Frank Johnson,                               :
                                             :
            Plaintiff,                       :
                                             :
v.                                           :
                                             :
Dick's Sporting Goods, Inc., *et al.*,       :
                                             :
            Defendants.                      :

---

## NOTICE OF REMOVAL

---

Now comes Defendant Dick's Sporting Goods, Inc. (hereinafter "DSG"), by and through counsel, and pursuant to 28 U.S.C. §§1332, 1441, and 1446, respectfully submits this Notice of Removal of this action (Case No. 2022 CI 483) from the Ross County, Ohio Court of Common Pleas, the court in which this case is presently pending, to the United States District Court for the Southern District of Ohio, Eastern Division. As grounds for this removal, DSG states as follows:

1.      Attached as Exhibit A is the Complaint that the Plaintiff, Frank Johnson (hereinafter "Plaintiff"), filed in the Ross County, Ohio Court of Common Pleas on December 21, 2022 against DSG and John Doe 1-10. In his Complaint, Plaintiff alleges claims for personal injury/negligence.

2.      DSG was served a copy of the Complaint via certified mail on January 3, 2023.

3.      Attached as Exhibit B is the Consent to Move or Plead on January 10, 2023, stipulating that DSG shall have an additional 28 days, or until and including February 28, 2023 to Move or Plead in response to Plaintiff's Complaint. Other than the Notice of Appearance filed by counsel for DSG, no other pleadings, process, motions, and/or orders have been filed in this action to date.

15157-42758\01423743.000                    1

4.     This is a civil action of which this Court has original jurisdiction, pursuant to the provisions of 28 U.S.C. § 1332,  because there is complete diversity of citizenship between Plaintiff and DSG, and the Complaint reflects an amount in controversy in excess of $75,000.00.

5.     This Notice of Removal is filed and subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service of process, and personal jurisdiction. No admission of act, law, or liability is intended to by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

6.     This Notice of Removal was filed within the time period that DSG reserved to move or plead.

7.     As required by 28 U.S.C § 1446(d), a Notice of Filing of Removal directed to the state court, the Ross County Court of Common Pleas, along with this Notice will be promptly filed in the Ross County Court of Common Pleas. A true and accurate copy of DSG's Notice of Removal Directed to State Court is attached as Exhibit C.

8.     At the time of Plaintiff's commencement of this action, Plaintiff was a citizen and resident of the State of Ohio.

9.     DSG is a Delaware corporation with its principal place of business and "nerve center" in Coraopolis, Pennsylvania.

10.     Thus, as between Plaintiff and DSG, the controversy is wholly between citizens of different states.

11.     The amount in controversy exceeds $75,000.00, exclusive of interests and costs, due to the seriousness of the Plaintiff's alleged injuries and damages and claim for punitive damages.

12.    After filing this Notice, DSG will, pursuant to 28 U.S.C § 1446(d), promptly give written notice to Plaintiff and will file a copy of this Notice with the Ross County Court of Common Pleas.

WHEREFORE, DSG provides notice that this action is removed to the United States District Court for the Southern District of Ohio, Eastern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and that the Ross County Court of Common Pleas shall proceed no further unless this case is remanded.

Respectfully submitted,

*/s/ Christopher R. Green*
CHRISTOPHER R. GREEN (0096845)
Crabbe, Brown & James, LLP
500 South Front Street, Suite 1200
Columbus, OH 43215
Telephone: (614) 229-4563
Facsimile: (614) 229-4559
cgreen@cbjlawyers.com
*Counsel for Defendant Dick's Sporting Goods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, a copy of the foregoing document was duly served via the Court's electronic filing system, upon the following:

Mark D. Tolles, II, Esq.
Sarah A. Kuntz, Esq.
BENSON & SESSER, LLC
36  South Paint Street
Chillicothe, OH 45601-3238
*Attorneys for Plaintiff, Frank Johnson*

*/s/  Christopher R. Green*
Christopher R. Green (0096845)
*Counsel for Defendant Dick's Sporting Goods, Inc.*

COURT OF COMMON PLEAS
12/21/2022 03:19 PM
FILED
ROSS COUNTY COMMON PLEAS
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS
## ROSS COUNTY, OHIO

**FRANK JOHNSON,**
P.O. Box 242
Hamden, Ohio 45634

Plaintiff,

vs.

**DICK'S SPORTING GOODS, INC.,**
1251 North Bridge Street
Chillicothe, Ohio 45601

Also serve at the following address:
c/o Corporation Service Company,
Registered Agent
3366 Riverside Drive, Suite 103
Upper Arlington, Ohio 43221

and

**JOHN DOE 1-10**
**(Names and Addresses Unknown),**

Defendants.

2022 CI 4 8 3

Case No. _____
SCHMIDT

Judge _____

**COMPLAINT**

---

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Frank Johnson, is, and was at all times relevant, a resident of the Village of Hamden, County of Vinton, State of Ohio.

2.     Defendant, Dick's Sporting Goods, Inc., is, and was at all times relevant, a corporation that owns, operates, and/or manages one or more retail stores throughout the State of Ohio, including Ross County, Ohio.

3.     Defendants, John Doe 1-10 (names and addresses unknown), are intended to be any and all individuals and/or entities are liable for the injuries and damages caused to and sustained by Plaintiff, Frank Johnson, including, but not limited

1



to, any individual and/or entity who, individually and/or by and through their agents, employees, servants, officers, and/or directors, negligently, recklessly, with willful and wanton conduct, with actual malice, and/or intentionally, including both acts of commission and/or acts of omission, directly and proximately caused and/or contributed to the subject incident on or about December 22, 2020; any individual and/or entity who, individually and/or by and through their agents, employees, servants, officers, and/or directors, directly and proximately caused and/or contributed to Plaintiff, Frank Johnson's, injuries and damages, including, but not limited to, employees, supervisors, managers, custodial personnel, maintenance personnel, and groundskeepers employed and/or hired by any of the Defendants to keep and maintain the premises of the Dick's Sporting Goods store located at 1251 North Bridge Street, Chillicothe, Ohio in a safe condition; any individual and/or entity which owns, operates, and/or manages the premises of the Dick's Sporting Goods store located at 1251 North Bridge Street, Chillicothe, Ohio where Plaintiff, Frank Johnson, sustained injuries and damages on or about December 22, 2020 as set forth herein; and any other individual and/or entity who is or may be liable for, on behalf of, or with one or more of the Defendants, for the wrongful conduct set forth herein. Despite a good faith effort being made by Plaintiff and his attorneys, the names and addresses of Defendants, John Doe 1-10 (names and addresses unknown), are presently unknown and could not with reasonable diligence be ascertained prior to the preparation and filing of Plaintiff's Complaint. Defendants, John Doe 1-10 (names and addresses unknown), will not be prejudiced by Plaintiff's inability to identify them at present and will be served with process when their respective identities become known to Plaintiff.

2

4.    The incident which forms the basis of this litigation occurred on or about December 22, 2020 in the City of Chillicothe, County of Ross, State of Ohio.

5.    Jurisdiction and venue are proper as one or more of the Defendants conduct business in and/or have their principal place of business in Ross County, Ohio and all or part of the acts and events giving rise to this cause of action occurred in Ross County, Ohio.

**COUNT ONE**
**(Personal Injury/Negligence)**

6.    Plaintiff, Frank Johnson, adopts and incorporates by reference each preceding paragraph the same as if fully rewritten herein.

7.    On or about December 22, 2020, at approximately 7:00 p.m., Plaintiff, Frank Johnson, went to the Dick's Sporting Goods store located at or near 1251 North Bridge Street, Chillicothe, Ohio 45601 (hereinafter "Dick's Sporting Goods store") for the purpose of purchasing hunting-related clothing to give to his son for Christmas.

8.    At all times relevant herein, the Dick's Sporting Goods store and/or its premises were owned, operated, managed, possessed, and/or controlled by one or more of the Defendants, including, but not limited to, one or more of Defendants John Doe 1-10 (names and addresses unknown).

9.    At all times relevant herein, Dick's Sporting Goods, Inc. and/or one or more of Defendants John Doe 1-10 (names and addresses unknown) occupied the Dick's Sporting Goods store and its premises.

10.    At all times relevant herein, Dick's Sporting Goods, Inc. and/or one or more of Defendants John Doe 1-10 (names and addresses unknown) had actual, physical control of the Dick's Sporting Goods store and its premises.

3

11. At all times relevant herein, Dick's Sporting Goods, Inc. and/or one or more of Defendants John Doe 1-10 (names and addresses unknown), directly and/or by and through their employees and/or agents, expressly and/or impliedly invited the public, including Plaintiff, Frank Johnson, to enter onto the premises of the Dick's Sporting Goods store for commercial or business purposes and/or other purposes beneficial to one or more of the Defendants.

12. At all times relevant herein, Plaintiff, Frank Johnson, entered onto the premises of the Dick's Sporting Goods store for commercial or business purposes.

13. At all times relevant herein, Plaintiff, Frank Johnson's, entrance onto the premises of the Dick's Sporting Goods store was beneficial to one or more of the Defendants.

14. At all times relevant herein, Plaintiff, Frank Johnson, was a business invitee of Dick's Sporting Goods, Inc. and/or one or more of Defendants John Doe 1-10 (names and addresses unknown).

15. The Dick's Sporting Goods store is a "self-service" retail store, in which customers generally shop and retrieve merchandise throughout the store on their own and then the customers take the merchandise to a cashier to checkout when they are finished shopping.

16. After entering the front entrance of the Dick's Sporting Goods store on or about December 22, 2020, Plaintiff, Frank Johnson, walked towards the main aisle on left side of the store and then walked down the left main aisle towards the rear of the store where hunting-related merchandise is generally located.

4

17.     Before reaching the back wall of the Dick's Sporting Goods store, Plaintiff, Frank Johnson, turned down a side aisle to look at some hunting-related merchandise.

18.     While walking down the side aisle of the Dick's Sporting Goods store, Plaintiff, Frank Johnson, spotted some hunting-related clothing that he was interested in purchasing for his son.

19.     The hunting-related clothing that Plaintiff, Frank Johnson, was interested in purchasing for his son was hanging on a wall or retail fixture at or above Plaintiff, Frank Johnson's, eye level.

20.     While looking over at the hunting-related clothing, Plaintiff, Frank Johnson, continued walking down the side aisle of the Dick's Sporting Goods store. At the end of that side aisle, Plaintiff, Frank Johnson, attempted to turn right in order to proceed down another aisle to the area where the hunting-related clothing that he was interested in purchasing for his son was located.

21.     As Plaintiff, Frank Johnson, attempted to turn right and proceed down the aisle to the area where the hunting-related clothing was located, he tripped and fell over an object that was located on the floor in the aisleway and was adjacent to, or at the end of, the row of merchandise that lined the side aisle that Plaintiff, Frank Johnson, was walking down when he spotted the hunting-related clothing that he was interested in purchasing for his son and before he attempted to turn right (hereinafter "subject incident").

22.     Plaintiff, Frank Johnson, tripped and fell due to an unreasonably dangerous condition created by the object that was located on the floor in the aisleway of the Dick's Sporting Goods store.

5

23. Following the subject incident, Plaintiff, Frank Johnson, observed the object that he tripped and fell over, which appeared to be an empty wooden pallet.

24. Prior to the subject incident, Defendants, individually and/or by and through their employees and/or agents, placed the pallet where it was located immediately prior to and at the time of the subject incident.

25. Defendants, individually and/or by and through their employees and/or agents, placed the pallet in the aisleway in a location where customers like Plaintiff, Frank Johnson, would be expected to turn or change direction.

26. Defendants, individually and/or by and through their employees and/or agents, placed the pallet in the aisleway in a location where most customers like Plaintiff, Frank Johnson, would not be able to pass through that portion of the aisleway without coming into contact with the pallet, as there was limited area to walk around the pallet in that portion of the aisleway.

27. Defendants, individually and/or by and through their employees and/or agents, placed the pallet in the aisleway where customers like Plaintiff, Frank Johnson, would not be able to observe and appreciate the pallet until such customers were completely upon it.

28. Plaintiff, Frank Johnson, did not see the empty pallet in the aisleway prior to the subject incident.

29. Prior to and at the time of the subject incident, Plaintiff, Frank Johnson, was looking eye-level at the hanging hunting-related clothing that he was interested in purchasing for his son and the path that he intended to take to get to that clothing.

6

30. Prior to and at the time of the subject incident, part of the area above the empty pallet appeared to be an unoccupied aisleway, and Plaintiff, Frank Johnson, reasonably believed that he could travel through that unoccupied aisleway to get to the hunting-related clothing that he was interested in purchasing for his son.

31. Plaintiff, Frank Johnson, did not and could not see the empty pallet on the floor in the aisleway prior to the subject incident because the empty pallet was hidden from his view, was not readily visible to him, and/or was otherwise obscured by nearby and/or adjacent merchandise and retail fixtures.

32. Plaintiff, Frank Johnson, did not and could not see the empty pallet on the floor in the aisleway prior to the subject incident because the empty pallet was not well illuminated by the surrounding lighting.

33. Plaintiff, Frank Johnson, did not and could not see the empty pallet on the floor in the aisleway prior to the subject incident because the empty pallet was not sufficiently distinguishable from the surrounding floor.

34. Due to attendant circumstances, the empty pallet was not discernible to Plaintiff, Frank Johnson, prior to the subject incident.

35. Prior to and at the time of the subject incident, the empty pallet was not in plain view and was not readily discoverable upon inspection by Plaintiff, Frank Johnson.

36. Prior to and at the time of the subject incident, the placement of the pallet in the aisleway constituted an unreasonably dangerous condition and an unreasonable tripping hazard.

37. Prior to and at the time of the subject incident, the empty pallet was a latent, hidden, and/or concealed danger.

7

38.    Defendants, individually and/or by and through their employees and/or agents, created the unreasonably dangerous condition involving the pallet on the premises of the Dick's Sporting Goods store prior to the subject incident.

39.    The pallet in the aisleway on the premises of the Dick's Sporting Goods store and the unreasonably dangerous condition arising therefrom were not present due to, or caused by, any natural force.

40.    The pallet in the aisleway on the premises of the Dick's Sporting Goods store was present on or about December 22, 2020 due to, or caused by, unnatural forces caused by the actions and/or omissions of one or more of the Defendants, individually and/or by and through their employees and/or agents, including, but not limited to, one or more Defendants John Doe 1-10 (names and addresses unknown).

41.    Defendants, individually and/or by and through their employees and/or agents, created or allowed the unreasonably dangerous condition involving the pallet to exist and/or remain on the floor of the premises of the Dick's Sporting Goods store on or about December 22, 2020, prior to the subject incident.

42.    Defendants, individually and/or by and through their employees and/or agents, knew or should have known that they had placed the pallet at issue in the aisleway of the Dick's Sporting Goods store on or about December 22, 2020.

43.    Defendants, individually and/or by and through their employees and/or agents, knew or should have known that the placement of the pallet at issue in the aisleway of the Dick's Sporting Goods store on or about December 22, 2020 created or allowed an unreasonably dangerous condition to exist on the premises of the Dick's Sporting Goods store.

8

44.     Defendants, individually and/or by and through their employees and/or agents, knew or should have known that the placement of the pallet at issue in the aisleway of the Dick's Sporting Goods store on or about December 22, 2020 made, or was reasonably foreseeable to make, an unreasonably dangerous condition on the premises of the Dick's Sporting Goods store.

45.     Defendants, individually and/or by and through their employees and/or agents, knew or should have known that the placement of the pallet at issue in the aisleway of the Dick's Sporting Goods store on or about December 22, 2020 posed a danger to their customers and business invitees, including Plaintiff, Frank Johnson, on or about December 22, 2020.

46.     Defendants, individually and/or by and through their employees and/or agents, knew or should have known that the placement of the pallet at issue in the aisleway of the Dick's Sporting Goods store on or about December 22, 2020 was reasonably likely to cause injury or harm to customers and business invitees, including Plaintiff, Frank Johnson.

47.     Defendants, individually and/or by and through their employees and/or agents, had notice of the placement of the pallet at issue in the aisleway of the Dick's Sporting Goods store on or about December 22, 2020, prior to the arrival of Plaintiff, Frank Johnson, on December 22, 2020.

48.     Defendants, individually and/or by and through their employees and/or agents, had notice that the placement of the pallet at issue in the aisleway of the Dick's Sporting Goods store posed a danger to their customers and business invitees, prior to the arrival of Plaintiff, Frank Johnson, on December 22, 2020.

9

49.    Prior to and at the time of the subject incident, Defendants, individually and/or by and through their employees and/or agents, owed a duty to Plaintiff, Frank Johnson, to maintain the premises of the Dick's Sporting Goods store in a reasonably safe condition.

50.    Prior to and at the time of the subject incident, Defendants, individually and/or by and through their employees and/or agents, owed a duty to Plaintiff, Frank Johnson, to not unreasonably or unnecessarily expose him to dangerous conditions while he was on the premises of the Dick's Sporting Goods store.

51.    Prior to and at the time of the subject incident, Defendants, individually and/or by and through their employees and/or agents, owed a duty to Plaintiff, Frank Johnson, to remove or alleviate dangerous conditions from the premises of the Dick's Sporting Goods store.

52.    Prior to and at the time of the subject incident, Defendants, individually and/or by and through their employees and/or agents, owed a duty to Plaintiff, Frank Johnson, to warn him of latent, hidden, and/or concealed dangers present on the premises of the Dick's Sporting Goods store.

53.    Prior to and at the time of the subject incident, Defendants, individually and/or by and through their employees and/or agents, owed a duty to Plaintiff, Frank Johnson, to warn him of the dangerous conditions associated with the placement of the pallet at issue in the aisleway of the Dick's Sporting Goods store.

54.    Prior to and at the time of the subject collision, Defendants, individually and/or by and through their employees and/or agents, failed to maintain the premises of the Dick's Sporting Goods store in a reasonably safe condition.

10

55.     Prior to and at the time of the subject incident, Defendants, individually and/or by and through their employees and/or agents, unreasonably and/or unnecessarily exposed Plaintiff, Frank Johnson, to dangerous conditions while he was on the premises of the Dick's Sporting Goods store.

56.     Notwithstanding their knowledge of the dangerous condition posed by the pallet at issue being located in the aisleway of the Dick's Sporting Goods store prior to the subject incident, Defendants, individually and/or by and through their employees and/or agents, failed to remove or otherwise alleviate the dangerous condition posed by the pallet at issue.

57.     Notwithstanding their knowledge of the dangerous condition posed by the pallet at issue being located in the aisleway of the Dick's Sporting Goods store prior to the subject incident, Defendants, individually and/or by and through their employees and/or agents, failed to adequately warn their customers and business invitees of the dangerous condition posed by the pallet at issue.

58.     The actions and/or omissions of the Defendants, individually and/or by and through their employees and/or agents, were negligent and/or reckless as to their customers and business invitees, including Plaintiff, Frank Johnson.

59.     The actions of the Defendants, individually and/or by and through their employees and/or agents, including, but not limited to, the placement and/or allowance of the pallet at issue to be place and/or remain in the aisleway of the Dick's Sporting Goods store, were done in a willful and/or wanton manner.

60.     Defendants, individually and/or by and through their employees and/or agents, acted with conscious disregard for the rights and safety of other persons,

11

including Plaintiff, Frank Johnson, that had a great probability of causing substantial harm and, in fact, caused substantial harm.

61.    The actions of the Defendants constitute actual malice.

62.    In addition to the common law duties discussed above, one or more of the Defendants may have been contractually obligated to keep and maintain the aisleways on the premises of the Dick's Sporting Goods store in a safe condition. Plaintiff, Frank Johnson, does not have a copy of that contract in his possession and, as a result, is unable to attach it to this Complaint.

63.    One or more of the Defendants who were contractually obligated to keep and maintain the aisleways on the premises of the Dick's Sporting Goods store in a safe condition breached their contractual obligations and duties.

64.    As a direct and proximate result of Defendants' negligence, recklessness, willful and wanton conduct, actual malice, and/or breaches of contract, Plaintiff, Frank Johnson, sustained extensive temporary and permanent injuries; incurred medical expenses for treatment of said injuries; suffered great physical pain and suffering, mental anguish, and the loss of enjoyment of life; lost wages and was prevented from transacting his business; was unable to perform his usual activities and live a normal way of life; and will continue to suffer such damages in the future, his injuries being permanent in nature.

WHEREFORE, Plaintiff, Frank Johnson, prays for the following relief:

As to COUNT ONE, Plaintiff, Frank Johnson, demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00), for punitive and exemplary damages, for

pre-judgment interest and post-judgment interest, for Plaintiff's reasonable attorney fees, for his costs incurred herein, and for such other relief as this Court may deem just and equitable.

Respectfully Submitted,

**MARK D. TOLLES, II (#0087022)**
**SARAH A. KUNTZ (#008169)**
**BENSON & SESSER, LLC**
36 South Paint Street
Chillicothe, OH 45601-3238
(740) 773-3600 — Office
(740) 773-3610 — Fax
mark@benson-law.com
sarah@benson-law.com
*Attorneys for Plaintiff, Frank Johnson*

13

COURT OF COMMON PLEAS
01/10/2023 08:16 AM
FILED
ROSS COUNTY COMMON PLEAS
CLERK OF COURTS

**IN THE COURT OF COMMON PLEAS
ROSS COUNTY, OHIO**

FRANK JOHNSON,  :

    Plaintiff,  :    **CASE NO. 22 CI 483**

    vs.  :    **JUDGE SCHMIDT**

    :

DICK'S SPORTING GOODS, INC.,  :

    Defendant.  :

<u>**CONSENT TO MOVE OR PLEAD**</u>

It is hereby agreed, by the undersigned parties, and pursuant to Local Rule 9.01, Plaintiff stipulates that Defendant Dick's Sporting Goods, Inc. shall have an additional 28 days, or until and including February 28, 2023, to Move or Plead in response to Plaintiff's Complaint.

Respectfully submitted,

<u>/s/ Christopher R. Green</u>
Christopher R. Green  (0096845) *Trial Attorney
Crabbe, Brown & James, LLP
500 S. Front Street, Suite 1200
Columbus, OH 43215
(614) 229-4563; (614) 229-4559 Fax
Email: cgreen@cbjlawyers.com

*Counsel for Defendant Dick's Sporting Goods, Inc.*

*Approved by:*

<u>/s/ Mark D. Tolles, Esq. per email 1/6/23</u>
Mark D. Tolles, II, Esq.
Sarah A. Kuntz, Esq.
BENSON & SESSER, LLC
36  South Paint Street
Chillicothe, OH 45601-3238
*Attorneys for Plaintiff, Frank Johnson*

15157-42758\01421274.000


EXHIBIT
B

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was filed via the Court's electronic e-filing system and served via electronic mail and/or regular U.S. Mail this 9th day of January 2023 to the undersigned:

Mark D. Tolles, II, Esq.
Sarah A. Kuntz, Esq.
BENSON & SESSER, LLC
36  South Paint Street
Chillicothe, OH 45601-3238
*Attorneys for Plaintiff, Frank Johnson*

/s/ *Christopher R. Green*
Christopher R. Green  (0096845) *Trial Attorney
*Counsel for Defendant Dick's Sporting Goods, Inc.*